## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

GREGORY TUCKER,

        Plaintiff,

        v.                                  Case No. 07-C-1082

DEPUTY WARDEN BAENEN
SECURITY DIRECTOR ERICKSEN,
LIEUTENANT VANGHEEM,
LIEUTENANT CAMPBELL,
SERGEANT CYGAN,
and DR. HEIDORN,

        Defendants.

## DECISION AND ORDER

Plaintiff, Gregory Tucker, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. This matter comes before the court on the plaintiff's motion for leave to proceed *in forma pauperis* and motion to appoint counsel. Both applications will be addressed herein.

### I. IN FORMA PAUPERIS PETITION

Pursuant to 28 U.S.C. § 1915(b)(1), the plaintiff is required to pay the statutory filing fee of $350.00 for this action. If the plaintiff does not have the money to pay the filing fee, he can request leave to proceed *in forma pauperis*. To proceed with an action *in forma pauperis*, the prisoner must complete a petition and affidavit to proceed *in forma pauperis* and return it to the court with a certified copy of his trust account statement showing transactions for the prior six months. The court then assesses and, when funds exist, collects from the plaintiff at the time the action is filed an initial

partial filing fee of 20% of the average monthly deposits to or the average monthly balance in the trust account for the six-month period immediately preceding the filing of the complaint.[1]

In this case, the plaintiff has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint. Pursuant to this court's order dated December 5, 2007, the plaintiff has been assessed and paid an initial partial filing fee of $2.92.[2] Thus, his motion for leave to proceed *in forma pauperis* will be granted. The remainder of the filing fee will be collected as set forth below.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

---

[1] In no event will a prisoner be prohibited from bringing a civil action because he or she has no assets and no means by which to pay the initial partial filing fee. 28 U.S.C. § 1915(b)(4).

[2] To date, the plaintiff has paid $2.95 of the $350.00 filing fee.

To avoid dismissal for failure to state a claim, the complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). It is not necessary for the plaintiff to plead specific facts; his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, __ U.S. __, 127 S. Ct. 2197, 2200 (2007) (citations omitted). In deciding whether the complaint states a claim, the court must accept as true all of the factual allegations contained in the complaint. *Bell Atlantic Corp. v. Twombly*, __ U.S. __, 127 S. Ct. 1955, 1965 (2007). There is no heightened pleading requirement for *pro se* prisoner civil rights complaints. *Thomson v. Washington*, 362 F.3d 969, 970-71 (7th Cir. 2004). Of course, if a complaint pleads facts that show that a plaintiff does not have a claim, the complaint should be dismissed "without further ado." *Id*. at 970.

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege: 1) that he was deprived of a right secured by the Constitution or laws of the United States, and 2) that the deprivation was visited upon him by a person acting under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's *pro se* allegations, however inartfully pleaded, a liberal construction. *See Erickson*, 127 S. Ct. at 2200 (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

A.    **Background**

The plaintiff, a state prisoner, is currently incarcerated at Green Bay Correctional Institution (GBCI). The defendants are all employees of GBCI.

On August 11, 2006, the plaintiff injured his ankle during recreation. He was transported to St. Vincent's Hospital and x-rays were taken, which revealed no signs of fracture. The plaintiff underwent additional x-rays at GBCI, which also indicated the absence of a fracture. The staff in the

3

Health Services Unit (HSU) gave the plaintiff crutches to use while he was recovering from his injury. Additionally, the plaintiff was placed on "sick cell" and "feed cell" status from August to September, 2006.

On September 15, 2006, the plaintiff was taken off sick cell status. From September to December, 2006, the plaintiff had to go up and down stairs to get to his work assignment. On December 15, 2006, the plaintiff received notice that his crutches would be discontinued. Defendant Vangheem confiscated the plaintiff's crutches on January 8, 2007.

After his crutches were taken, the plaintiff hopped to the HSU and informed defendant Campbell that he could not walk without support. Defendant Campbell spoke with a nurse and informed the plaintiff that he was okay to walk without crutches. The plaintiff attempted to "restate" his issue, but Campbell told him that if he did not return to his cell he would be put in segregation. (Compl. at 4). On February 11, 2007, Campbell removed the plaintiff from his work assignment.

During lunch hour, the plaintiff was unable to keep up with other inmates. Therefore, defendant Vergheem ordered the plaintiff to return to his cell to be fed. Correctional Officer MacDonald then told the plaintiff that he was being moved to the Receiving Unit per defendant Vergheem's orders.

Thereafter, the plaintiff wrote to defendant Baenen to inquire why he had been placed in the Receiving Unit. The plaintiff wrote similar letters to defendant Ericksen on January 29 and March 28, 2007. However, the plaintiff never received a response to any of his inquiries. When the plaintiff later filed an administrative grievance regarding his transfer to the Receiving Unit, it was dismissed by defendant Baenen.

4

Defendant Cygan refused to allow the plaintiff to shower in the Receiving Unit during January and February, 2007. Instead, the plaintiff was forced to walk to the bathroom in the basement to use the shower.

On February 22, 2007, the plaintiff's ankle became extremely swollen. Although he showed it to nurse Bagett, the plaintiff was never given any medical care. The plaintiff completed HSU slips on February 22, March 22, and March 30, 2007. However, he was not seen by Dr. Heidorn until April 3, 2007. At that time, Dr. Heidorn stated that anyone could cause their leg to swell if they sat on it all day. Further, because the swelling in the plaintiff's ankle had decreased, Dr. Heidorn did nothing to help him.

On April 30, 2007, the plaintiff's ankle again became extremely swollen. However, Dr. Heidorn did nothing to help him. The plaintiff tried to have a picture taken but he was denied. Correctional officer McKee wrote the plaintiff an incident report.

The plaintiff alleges that the defendants violated his Eighth Amendment right to adequate medical care. For relief, he demands monetary damages and declaratory relief.

## B.   Analysis

Deliberate indifference to the serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain, and thus is proscribed by the Eighth Amendment. *Walker v. Benjamin*, 293 F.3d 1030, 1040 (7th Cir. 2002) (citing *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976)). This is the case "whether the indifference is manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed." *Estelle*, 429 U.S. at 104-05. To establish liability under the Eighth Amendment, a prisoner must show: (1) that his medical need was

5

objectively serious; and (2) that the official acted with deliberate indifference to the prisoner's health or safety. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Chapman v. Keltner*, 241 F.3d 842, 845 (7th Cir. 2001). A serious medical need is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Wynn v. Southward*, 251 F.3d 588, 593 (7th Cir. 2001) (quoting *Gutierrez v. Peters*, 111 F.3d 1364, 1373 (7th Cir. 1997)). A prison official acts with deliberate indifference when "the official knows of and disregards an excessive risk to inmate health or safety." *Farmer*, 511 U.S. at 837.

In the present case, the plaintiff avers that the defendants delayed and denied him medical care. Thus, he may proceed on a claim predicated on the Eighth Amendment.

## II. MOTION TO APPOINT COUNSEL

The plaintiff has filed a motion for appointment of counsel. As grounds for his request, the plaintiff states: (1) he is unable to afford counsel; (2) his imprisonment impedes his ability to conduct any investigation; (3) he has limited access to the law library; (4) the issues involved in this case are complex; (5) a trial in this case will involve conflicting testimony; and (6) he has made repeated attempts to obtain an attorney.

Indigent civil litigants have no absolute constitutional or statutory right to be represented by counsel in federal court. *Jackson v. County of McLean*, 953 F.2d 1070, 1071 (7th Cir. 1992). And while the court is authorized to request an attorney to represent an indigent civil litigant pursuant to 28 U.S.C. § 1915(e)(1), the threshold inquiry under § 1915(e) is whether plaintiff has made a reasonable, but unsuccessful, effort to retain counsel on his own. *Id*. at 1073. If the plaintiff has made no effort to secure counsel, the motion must ordinarily be denied outright. *Id*.

6

In this case, the plaintiff has satisfied the threshold inquiry and provided evidence that he has attempted to obtain legal counsel on his own. Specifically, he has submitted correspondence from attorneys that have declined to represent him in this matter. The court's inquiry, however, does not end here. Once the plaintiff has shown that he has made reasonable efforts to secure counsel, the court, in exercising its discretion, must address the following question: given the difficulty of the case, does this plaintiff appear to be competent to litigate the case himself and, if not, would the presence of counsel likely make a difference in the outcome of the case. *Pruitt v. Mote*, 503 F.3d 647, 655 (7th Cir. 2007)(en banc). The inquiry into the plaintiff's ability to litigate his case may take into consideration matters such as the plaintiff's literacy, communication skills, education level and litigation experience, as well as his intellectual capacity and psychological history. *Id*. at 656-57.

The issues in this case appear at this stage to be straightforward and uncomplicated. The plaintiff is proceeding on one narrow claim concerning the adequacy of his medical care. Moreover, the plaintiff's filings thus far indicate that he is capable of litigating this case himself. Therefore, at this time, the court does not believe that the presence of counsel is likely to make a difference in the outcome of this case. Accordingly, the plaintiff's request for appointment of counsel will be denied without prejudice.

As a final matter, the plaintiff has filed depositions upon written questions that he wishes to serve on Ms. Bagett, a GBCI employee. In the present case, the defendants have not yet been served with a copy of the complaint. Once the defendants have been served, and after they file a responsive pleading, the court will issue a scheduling order setting forth the deadlines for conducting discovery and filing dispositive motions. At that time, the plaintiff may serve his discovery request upon the defendants. The plaintiff is advised that he is not required to serve a copy of his discovery requests

7

upon the court. For all these reasons, the plaintiff's discovery request does not warrant additional discussion at this time.

**IT IS THEREFORE ORDERED** that the plaintiff's request to proceed *in forma pauperis* (Docket # 2) is **GRANTED;**

**IT IS FURTHER ORDERED** that the plaintiff's motion to appoint counsel (Docket # 7) is **DENIED WITHOUT PREJUDICE.**

**IT IS ORDERED** that the United States Marshal shall serve a copy of the complaint, the summons, and this order upon the defendants pursuant to Federal Rule of Civil Procedure 4. The plaintiff is advised that Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. § 1921(a). The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§ 0.114(a)(2), (a)(3). Although Congress requires the court to order service by the U.S. Marshals Service precisely because *in forma pauperis* plaintiffs are indigent, it has not made any provision for these fees to be waived either by the court or by the U.S. Marshals Service.

**IT IS ORDERED** that the defendants shall file a responsive pleading to the complaint.

**IT IS ORDERED** that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from the plaintiff's prison trust account the $347.05 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the clerk of the court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

8

**IT IS ORDERED** that copies of this order be sent to the warden of the institution where the inmate is confined and to Corey F. Finkelmeyer, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin, 53707-7857.

The plaintiff is hereby notified that he is required to send a copy of every paper or document filed with the court to the opposing parties or their attorney(s). Fed. R. Civ. P. 5(a). The plaintiff should also retain a personal copy of each document. If the plaintiff does not have access to a photocopy machine, plaintiff may send out identical handwritten or typed copies of any documents. The court may disregard any papers or documents which do not indicate that a copy has been sent to each defendant or to their attorney(s).

The plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

In addition, the parties must notify the Clerk's Office of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin this <u>9th</u> day of April, 2008.

<div style="margin-left:50%">

BY THE COURT:

<u>/s/ William E. Callahan, Jr.</u>
WILLIAM E. CALLAHAN, JR.
United States Magistrate Judge
United States Magistrate Judge

</div>

9